IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN KLONGA,

                Plaintiff,

v.                                                                    1:14-cv-723-WSD

CITIMORTGAGE, INC.,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant CitiMortgage, Inc.'s ("Defendant") Motion to Dismiss [3] Plaintiff John Klonga's ("Plaintiff" or "Klonga") Complaint.

**I.     BACKGROUND**

On February 5, 2008, Plaintiff obtained a loan from HSBC Mortgage Corporation ("HSBC") in the amount of $348,000.00. (Compl. ¶¶ 6-7 & Ex. A). Repayment of the loan was secured by a deed ("Security Deed") to real property located at 3510 Estates Landing Drive, Kennesaw, Georgia (the "Property"). (Id. ¶ 7 & Ex. A). Plaintiff executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for HSBC and HSBC's successors and assigns. (Id. ¶ 7 & Ex. A).

On May 8, 2012, MERS, as nominee for HSBC, assigned its interest in the Security Deed to CitiMortgage.  (Id. ¶ 8 & Ex. B).

In 2013, Plaintiff "fell behind on his [mortgage] payments."  (Id. ¶ 9).

On July 30, 2013, CitiMortgage sent to Plaintiff a Notice of Foreclosure Sale (the "Notice"), which states that the Property will be sold at a foreclosure sale on September 3, 2013.  (Id. ¶ 10 & Ex. C).  The Notice provides that CitiMortgage "holds [Plaintiff's promissory n]ote and is the current assignee of the Security Deed, and services the loan on behalf of Federal National Mortgage Association, the current owner of [Plaintiff's] loan."  (Notice at 1).  The Notice also states that CitiMortgage "has the full authority to answer any questions and the full authority to negotiate, amend or modify the terms of [Plaintiff's] mortgage loan on behalf of and pursuant to the guidelines of Federal National Mortgage Association . . . ."  (Id. at 2).[1]

On September 3, 2013, CitiMortgage conducted a foreclosure sale of the Property.  (Compl. ¶ 12).

On February 3, 2014, Plaintiff filed his Complaint in the Superior Court of Cobb County, Georgia,[2] asserting claims for wrongful foreclosure (Count I), violation of Due Process (Count II), and attorney's fees and costs (Count III).

---

[1]  Federal National Mortgage Association is also known as "Fannie Mae."
[2]  No. 14-1-00641.

2

Plaintiff asserts that, "[a]s Fannie Mae owned the loan, CitiMortgage did not have full authority to modify, amend, or negotiate the terms of [his] loan," and thus the foreclosure sale was wrongful because "[t]he failure to identity [sic] and provide a contact number and address for Fannie Mae—the owner with full authority over [his] loan—renders the Notice materially deficient under Georgia law." (Compl. ¶¶ 20-21). Plaintiff seeks "reinstatement of title" or compensatory damages.

On March 12, 2014, Defendant removed the Cobb County Action to this Court based on federal question and diversity of citizenship jurisdiction [1].

On March 17, 2014, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim.

## II. DISCUSSION

### A. Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ.,

495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  The Court is not required to accept a plaintiff's legal conclusions as true.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012).  The Court also will not "accept as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly,   550 U.S. at 570.[3]

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id. (citing

---

[3]  The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement."  Id. at 563.

4

Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, — F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014) (quoting Iqbal, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, — F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).[4]

---

[4] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that

B.   Analysis

1.   Wrongful Foreclosure (Count I)

To support a claim for wrongful foreclosure under Georgia law, a plaintiff must show "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." All Fleet Refinishing, Inc. v. West Georgia Nat'l Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006). Plaintiff asserts that foreclosure was wrongful because the Notice did not comply with Section 44-14-162.2(a), which requires a notice of foreclosure to "include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor . . . ." O.C.G.A. § 44-14-162.2(a). Plaintiff asserts that the Notice "listed Fannie Mae as the investor of the loan, but only included the contact information for CitiMortgage," Plaintiff's loan servicer. Plaintiff contends that, because "Fannie Mae owned the loan, CitiMortgage did not have full authority to modify, amend, or negotiate the terms of Klonga's loan." (Compl. ¶¶ 17-21).

Even if, as Plaintiff asserts, the Notice did not comply with Section 44-14-162.2(a), Plaintiff cannot state a claim for wrongful foreclosure because

---

"[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Plaintiff fails to allege facts to show that his alleged injuries—loss of title and equity in his property, attorneys' fees and court costs, and injury to credit reputation from the foreclosure sale—were caused by the defective Notice. "[E]ven where a borrower has established duty and breach of duty, it still needs to show a causal connection between the defective notice and the alleged injury." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004); see also Calhoun v. First Nat'l Bank v. Dickens, 443 S.E.2d 837, 839 (Ga. 1994) ("The bank's failure to provide proper notice constituted a breach of the duty . . . created by [O.C.G.A.] § 23-2-114.  Having established duty and breach, however, [the plaintiff] still needed to show a causal connection between the lack of notice and the alleged injury.").[5]

---

[5] The issue of whether the Notice complied with Section 44-14-162.2(a) was fully briefed by the parties.  The Notice states that CitiMortgage has "the full authority to negotiate, amend or modify the terms of [Plaintiff's] mortgage loan on behalf of and pursuant to the guidelines of Federal National Mortgage Association . . . ." (Notice at 2).  In its Motion to Dismiss, Defendant argues that the plain language of the Notice complied with Section 44-14-162.2(a).  Plaintiff contends that CitiMortgage did not have *full* authority to negotiate, amend or modify the terms of Plaintiff's loan because Fannie Mae "owned [his] loan," and thus CitiMortgage's authority was limited by guidelines imposed by Fannie Mae.  Because the Court finds that Plaintiff cannot satisfy the causation element of his claim for wrongful foreclosure, the Court does not decide whether the Notice was required to provide contact information for Fannie Mae.  The Court notes that, if Plaintiff had been able to show causation, the Court may have certified to the Supreme Court of Georgia the issue of whether Section 44-14-162.2(a) requires that a notice also identify the owner of the loan that sets the guidelines within which another entity

Plaintiff asserts that he "could have, and would have, been able to take actions to cancel or postpone the sale had the Notice directed him to contact the entity with full authority, Fannie Mae, and provided its contact information." (Compl. ¶ 14).  Plaintiff does not allege what "actions" he would have taken had the Notice provided contact information for Fannie Mae, that he contacted CitiMortgage and was denied relief, or that Fannie Mae was obligated to cancel or postpone the foreclosure.  Plaintiff's conclusory assertions are not sufficient to support a causal connection between any defect in the Notice and his alleged injuries.  See Iqbal, 556 U.S. at 678; White, 2014 WL 7356447, at *2; Mei Kuan Chen v. Wells Fargo Bank, N.A., No. 1:13-cv-3037-TWT, 2014 WL 806916, at *2 (N.D. Ga. Feb. 27, 2014) (plaintiff failed to show causation where she did not allege "how the end result would have been different" had she received a statutorily sufficient notice; plaintiff did not allege that she would have been able to cure default or successfully petition for loan modification); Freeman v. Wells

---

can negotiate, amend, or modify a debtor's loan.  In You, the Supreme Court of Georgia rejected the argument that a foreclosure notice must identify a debtor's "secured creditor," explaining that Section 44-14-162.2(a) simply requires that a foreclosure notice identify the "entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor," whether that entity is the holder of security deed, the note holder, or a third party such as an attorney or servicing agent.  See You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428 (Ga. 2013).  You did not, however, address whether an entity that can modify a loan only within guidelines set by the owner of the loan has "full authority" for the purposes of Section 44-14-162.2(a).

Fargo Bank, N.A., No. 1:12-cv-2854-RWS, 2013 WL 2637121, at *4 (N.D. Ga. June 11, 2013) (rejecting plaintiff's conclusory assertion that he could have sought loan modification had notice identified proper entity, where defendant was not obligated to modify loan, plaintiff alleged no reason to believe loan would be modified, and entering modification negotiations would not have excused plaintiff's default); see also O.C.G.A. § 44-14-162.2 ("Nothing in this subsection shall be construed to require a secured creditor to negotiate, amend, or modify the terms of a mortgage instrument."); cf. Crockett v. Oliver, 129 S.E.2d 806, 808 (Ga. 1963) (mere assertion that plaintiff "stands ready, able and willing to pay" amount due not sufficient to enjoin foreclosure; actual tender of debt required).

Plaintiff concedes that he "fell behind on his payments" and he does not allege that he is current on his loan obligations or that he tendered the amount due. Failure to make the proper loan payments or tender the amount due defeats any wrongful foreclosure claim. See Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek, 601 S.E.2d at 845 (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan

9

payments, failed to cure the default, and did not bid on the property at the foreclosure sale); Berry v. Gov't Nat'l Mortg. Assoc., 202 S.E.2d 450 (Ga. 1973) (in action to set aside foreclosure sale based on improper advertisement, dismissing complaint because plaintiff did not tender amount due under security deed and note).  Plaintiff has not shown a causal connection between his claimed injuries and the allegedly defective Notice.  Plaintiff fails to state a claim for wrongful foreclosure, and this claim is required to be dismissed.

### 2. Violation of Due Process (Count II)

Defendant argues that Plaintiff's due process claim should be dismissed because Fannie Mae is not a government actor, Defendant, a private entity that services Plaintiff's loan on behalf of Fannie Mae, is not government actor, and thus the Due Process Clause does not apply to them.  Plaintiff does not oppose, or otherwise respond to, Defendant's argument.  In his Response, Plaintiff merely states that he "believes that the bank's arguments on County [sic] II hold sway. So Klonga dismisses that Count . . . ."  (Pl's Am. Resp. [5] at 1).  Failure to respond to an opposing party's argument results in abandonment of the claim.  See Bute v. Schuller Int'l, Inc., 998 F. Supp. 1473, 1477 (N.D. Ga. 1998) ("Because plaintiff has failed to respond to this argument or otherwise address this claim, the Court deems it abandoned."); see also LR 7.1(B), NDGa ("Failure to file a response shall

10

indicate that there is no opposition to the motion."). Plaintiff has abandoned his due process claim and this claim is required to be dismissed.[6]

### 3. Attorneys' Fees and Costs (Count III)

Plaintiff is not entitled to attorney's fees and costs because he is not a prevailing party and his claims have been dismissed. See Fed. R. Civ. P. 54; Amstead v. McFarland, 650 S.E.2d 737 (Ga. Ct. App. 2007) (attorneys' fees not available where general damages not awarded).

---

[6] Even if the Court reached the merits of Defendant's argument, Plaintiff's due process claim would be required to be dismissed because Plaintiff fails to allege any facts to support that Defendant, a private company, is a government actor, and courts have consistently held that Fannie Mae is not a government actor for purposes of a constitutional claim. See Public Util. Comm'n v. Pollak, 343 U.S. 451, 461 (1952) (Fifth Amendment restricts only the government and not private persons); Lebron v. Nat'l Passenger R.R. Corp., 513 U.S. 374, 400 (1995) (corporation is part of the government for purposes of a constitutional claim where "the [g]overnment creates a corporation by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of that corporation"); Roberts v. Cameron-Brown Co., 556 F.2d 356, 359 (5th Cir. 1977) (Fannie Mae is not a government actor subject to Fifth Amendment due process requirements in conducting non-judicial foreclosure sale, including because: in 1968, Congress dissociated Fannie Mae from its previous government ownership and transferred it to private ownership; Fannie Mae maintains the capital structure of a privately-owned corporation; and because "although the regulating statutes impose certain obligations on [Fannie Mae], the federal government and [Fannie Mae] have not become so interdependent as to make its actions the actions of the federal government"); Herron v. Fannie Mae, 857 F. Supp. 2d 87 (D.D.C. 2012) (dismissing constitutional claim against Fannie Mae because it is not a government actor and finding that Fannie Mae was not converted into a government entity when it was placed into conservatorship by 2008 act authorizing Federal Housing Finance Agency to act as its conservator).

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [3] is **GRANTED.**

**SO ORDERED** this 16th day of January, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE